UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALDEN PARK, LLC, a Delaware limited
liability company, and NORTHERN GROUP,
INC., a Delaware corporation,

    Plaintiffs/Counter-Defendants,

v.

ANGLO IRISH BANK CORPORATION
LIMITED, a corporation organized under the
laws of the Republic of Ireland,

    Defendant/Counter-Plaintiff.

Case No. 2:08-cv-12116
Hon. Lawrence P. Zatkoff
Magistrate Judge Michael J. Hluchaniuk

## PLAINTIFFS/COUNTER-DEFENDANTS RESPONSE IN OPPOSITION TO ANGLO IRISH BANK CORPORATION LIMITED'S MOTION FOR ENTRY OF FINAL JUDGMENT (DOCKET NO. 61)

Plaintiffs/Counter-Defendants, as "Borrower" and "Guarantor," respond in opposition to Defendant/Counter-Plaintiff's (the "Bank") Motion for Entry of Final Judgment as follows:

1. The Bank's proposed "Final Judgment" attached as Exhibit 1 to its motion seeks a judgment against Alden in an amount in excess of $16 million dollars and against Guarantor in the approximate amount of $8 million dollars. In support of those numbers, the Bank has provided a declaration by a bank officer with respect to principal, interest, protective advances and carrying costs (Docket No. 60) and a declaration by the Bank's counsel regarding the legal fees and costs which the Bank seeks to recover from Borrower and Guarantor (Docket No. 59). To a substantial extent, Borrower and Guarantor's numbers differ from those set forth in the Bank's declarations, including issues regarding lien amounts, application of revenues obtained from the Receiver of the Property and credit for loan payments. The Borrower and Guarantor, however, cannot determine all the reasons for such

1820640.01

discrepancies, and hence, cannot pose an accurate and thorough objection without this Court allowing Borrower and Guarantor to take discovery of the Bank's declarants to determine how the numbers in those declarations were computed.

2. As to the invoices submitted by Bank's counsel, the Borrower and Guarantor are unable to determine the reasonableness of those fees and costs as the copy provided to the Borrower and Guarantor is completely redacted except for the identity of the attorney and the hours spent on specific tasks. Thus, the Borrower and Guarantor have been deprived of asserting a thorough and complete objection to the Bank's request for fees.

3. This Circuit requires that this District Court "make clear and adequate findings of fact" when determining reasonable attorney fees. *Northcross v. Board of Education of the Memphis City Schools,* 611 F. 2d. 624, 636 (6th Cir. 1979); *Frier v. Frier*, 985 F. Supp. 710, 712 (E.D. Mich. 1997). When a party challenges the reasonableness of the attorneys' fees requested by a prevailing party, such as here, the trial court should scrutinize the request for reasonableness and appropriateness before approving any award. An evidentiary hearing regarding the reasonableness and appropriateness of the attorney fees requested should be conducted. *Wilson v. General Motors Corp.,* 183 Mich. App. 21, 454 N.W. 2d 405, 416 (1990).

4. Moreover, "hourly rates for fee awards should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question." *Soltysiak v. Unum Provident Corp.,* 480 F. Supp. 2d 970, 976 (W.D. Mich. 2007) *quoting Coulter v. State of Tenn.,* 805 F.2d 146, 149 (6th Cir. 1986). *See also Blum v. Stenson,* 465 U.S. 886, 897, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

5. Recent cases in this District and Circuit demonstrate that courts rely on the State Bar of Michigan's *Economics of Law Practice* Report (2003) to set reasonable attorney rates in Michigan. *See, e.g., Baskin-Robbins Franchised Shops, LLC v. Livonia Ice Cream No. 809, Inc.,* No. 07-CV-10987,

2007 WL 4181422, *2 (E.D. Mich. Nov. 27, 2007) (attached as **Exhibit 1**). *Lamar Advertising Co. v. Charter Township of Van Buren,* 178 Fed. Appx. 498 (6th Cir. 2006) (Sixth Circuit and Eastern District of Michigan relied on *Economics of Law Practice* Report and upheld $200 per hour rate for Viacom's trial attorney, James Walsh, an "accomplished litigator" in First Amendment issues; Mr. Walsh was a partner with the large Detroit law firm Bodman, and he sought an award based on a rate of $370 per hour); *Auto Alliance Int'l, Inc. v. U.S. Customs Service,* No. 04-1764, 155 Fed. Appx. 226, 228 (6th Cir. 2005) (awarding a $200 per hour flat rate in the Eastern District of Michigan where the lead attorney's billing rate was $400 per hour).

6. In addition, paragraph 5 of the Bank's proposed Final Judgment states that the Court shall retain limited jurisdiction until the earlier of "b. Ownership of the Property is transferred, via sale, deed in lieu of foreclosure, or foreclosure, to Anglo Irish Bank." Simultaneously with the filing of this Objection by Borrower and Guarantor, Borrower has tendered to the Bank a deed in lieu of foreclosure of the Property. See letter dated November 4, 2009 and Quit Claim Deed attached as **Exhibit 2**. That Deed is not yet executed by Borrower because the Bank and its counsel must review its terms to determine the accuracy of its contents before accepting that transfer. As a result of this tender, the judgment amounts sought by the Bank in its Motion for Entry of Final Judgment must be decreased by the fair market value of the Property. In addition, because of the tender of the Deed, paragraph 5 of the proposed Final Judgment must be deleted.

WHEREFORE, Borrower and Guarantor pray that the Bank's Motion for Entry of Final Judgment be denied at this time until:

A. Borrower and Guarantor are allowed to take discovery of the Bank's declarants so that it can determine the accuracy of the indebtedness claimed to be due by the Bank and the

1820640.01

reasonableness of the attorneys fees' and costs the Bank seeks to recover as part of a final judgment, and, if appropriate, for the Court to conduct an evidentiary hearing on these matters;

   B. Until the fair market value of the Property is determined so that such amount can be subtracted from the debt claimed to be due the Bank from Borrower and Guarantor as a result of the Borrower's tender of the deed in lieu of foreclosure of the Property; and

   C. That paragraph 5 of the proposed Final Judgment be deleted in its entirety as a result of the Borrower's tender of the deed in lieu.

         Respectfully submitted,

         JAFFE, RAITT, HEUER & WEISS, P.C.

         By: /s/ Larry K. Griffis
         Larry K. Griffis (P14385)
         Michael F. Jacobson (P47059)
         Attorneys for Plaintiffs/Counter-Defendants
         27777 Franklin Road, Suite 2500
         Southfield, Michigan 48034
         (248) 351-3000
         lgriffis@jaffelaw.com
Dated: November 4, 2009    mjacobson@jaffelaw.com

4

1820640.01

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to all counsel of record.

/s/ Larry K. Griffis
Larry K. Griffis (P14385)
Michael F. Jacobson (P47059)
Attorneys for Plaintiffs/Counter-Defendants
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
lgriffis@jaffelaw.com
mjacobson@jaffelaw.com

1820640.01