UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALDEN PARK, LLC, A Delaware limited
liability company, and NORTHERN GROUP,
INC., a Delaware corporation,

      Plaintiff / Counter-Defendants,

v.

      Case No. 2:08-CV-12116
      Hon. Lawrence P. Zatkoff
      Magistrate Judge Michael J. Hluchaniuk

ANGLO IRISH BANK CORPORATION
LIMITED, a corporation organized under the laws
of the Republic of Ireland,

      Defendant / Counter-Plaintiff.
_____/

## J.B. ELECTRICAL CO.'S CONCURRENCE
## REQUESTING RELIEF FROM STAY

J.B. Electrical Co. ("J.B. Electrical"), through its attorneys, Frasco Caponigro Wineman & Scheible, PLLC, files this concurrence in the relief sought in the motions filed by Kitchen Suppliers, Inc. [D/E 62] and Anthony Painting, Inc. [D/E 64], and as such, requests this Court modify the Order Appointing Receiver to permit the lien claimants to resume their action in the Wayne County Circuit Court.

## BRIEF IN SUPPORT OF CONCURRENCE REQUESTING
## RELIEF FROM STAY

On or about January 27, 2009, J.B. Electrical commenced its breach of contract and lien foreclosure action against Alden Park, LLC ("Alden Park") in the Wayne County Circuit Court (08-017625-CH). In April, 2009, J.B. Electrical was provided a copy of this Court's Order Appointing Receiver [D/E 54], which stayed the Wayne County litigation. Since the entry of the Order Appointing Receiver [D/E 54], J.B. Electrical, and other lien claimants similarly situated, have been left with no recourse against Alden Park to collect the balances due and owing. In this

instance, J.B. Electrical is owed $42,253.90 – a fee that has been outstanding for nearly fifteen (15) months.

In addition to not being paid for the work performed, the lien claimants have been ostensibly barred from any involvement in the instant matter. Although the Order Appointing Receiver calls for the Receiver to file with the Court extensive reports every thirty (30) days [D/E 54, ¶ 11], there is no indication that this component of the Order has been complied with by the Receiver. With no reports having been filed with the Court, and with the Receiver unwilling to pay the subcontractors, the lien claimants continue to be prejudiced both legally and financially.

Finally, there is substantial evidence to support the proposition that the lien claimants have a priority claim over the lender. It is a bed rock principal that the priority of a construction lien is not determined by when the lien was recorded. Rather, the priority of a construction lien relates to when the first actual physical improvement to the property was made. MCL 570.1119(3) states "a construction lien arising under this act shall take priority over all other interests, liens, or encumbrances which may attach to the building, structure, or improvement, or upon the real property on which the building, structure, or improvement is erected when the other interests, liens, or encumbrances are recorded subsequent to the first actual physical improvement."

Thus, a mortgage that is recorded after the first actual physical improvement to the real property will be subordinated to a construction lien even if the lien is recorded after the mortgage. *MD Marinich, Inc v Michigan Nat'l Bank*, 193 Mich App 447; 484 NW2d 738 (1992). More importantly, the first actual physical improvement does not need to be performed by the party claiming the lien. All construction liens are treated as having an equal priority, whether

they were filed before or after the first physical improvement occurred. MCL 570.1119(1), see also, *Hodgins v Marquette Iron Mining Co*, 503 F Supp 88 (WD Mich 1980). Here, there is evidence to suggest the lien claimants performed physical improvements to the property before the Anglo Irish Bank's mortgage was recorded. If this is indeed the case, then the Receiver should be paying the lien claimants prior to the lender.

Based on the above, as well as for the reasons cited in the motions filed by Kitchen Suppliers, Inc. [D/E 62] and Anthony Painting, Inc. [D/E 64], J.B. Electrical requests this Court modify its Order Appointing Receiver to allow the lien claimants to resume their breach of contract and foreclosure actions in the Wayne County Circuit Court.

                                        FRASCO CAPONIGRO
                                        WINEMAN & SCHEIBLE, PLLC

                                        /s/ J. Christian Hauser
                                        J. Christian Hauser (P57990)
                                        Attorneys for J.B. Electrical Co.
                                        1668 Telegraph Road, Suite 200
                                        Bloomfield Hills, MI 48302
Dated: November 10, 2009           (248) 334-6767

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to opposing counsel.

Respectfully submitted,

s/ J. Christian Hauser
FRASCO CAPONIGRO
WINEMAN & SCHEIBLE, PLLC
1668 Telegraph Road, Suite 200
Bloomfield Hills, MI  48302
(248) 334-6767
ch@frascap.com
MI Bar No. P57990