UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALDEN PARK, LLC and
NORTHERN GROUP, INC.,

       Plaintiffs/Counter-Defendants,             Case No. 08-12116

v.                                               Hon. Lawrence P. Zatkoff

ANGLO IRISH BANK CORPORATION
LIMITED,

       Defendant/Counter-Plaintiff.

_____/

**ORDER**

       This matter is before the Court on the Motion for Entry of Final Judgment filed by

Defendant/Counter-Plaintiff ("Defendant") (Docket #61). The parties have briefed the Motion. For

the reasons that follow, however, the Court directs the parties to supplement their filings.

       On September 23, 2009, the Court issued an Opinion and Order, wherein the Court granted

summary judgment in favor of Defendant on all of Plaintiffs' claims and all of Defendant's counter-

claims. In that Opinion and Order, the Court also directed Defendant to file with the Court: (a) an

invoice of attorney fees and costs incurred with respect to enforcing its rights under the Loan

Agreement, and (b) the accrued interest, default interest and late charges on the loan as of September

30, 2009. Defendant timely filed with the Court a Declaration of Steven M. Ribiat, the lead attorney

from Butzel Long, the law firm representing Defendant. An attachment to Mr. Ribiat's Declaration

included invoices from Butzel Long to Defendant, however, such invoices redacted all information

other than the attorney name, billing rate and time billed. Defendant also timely filed with the Court

a Declaration of Benjamin J. Spera, a Vice President of Defendant. An attachment to Mr. Spera's

Declaration included spreadsheets documenting principal, interest, fees and costs, as well as a

spreadsheet detailing outstanding liens.

In their response, Plaintiffs raise two non-substantive objections that the Court must address before ruling on the amounts to which Defendant is entitled in this matter.  First, Plaintiffs contend that their

> numbers differ from those set forth in [Defendant]'s declarations, including issues regarding lien amounts, application of revenues obtained from the Receiver of the Property and credit for loan payments.  The [Plaintiffs], however, cannot determine all the reasons for such discrepancies, and hence, cannot pose an accurate and thorough objection without this Court allowing [Plaintiffs] to take discovery of the [Plaintiff]'s declarants to determine how the numbers in those declarations were computed.

The Court concludes this objection is unsubstantiated.  Defendant has produced a series of documents that set forth the basis for the amounts it claims are owed.  Plaintiffs have offered no explanation why or how their calculations differ from Defendant's.  To the extent that Plaintiffs object to the calculations, such objections must be detailed.  Therefore, except as it pertains to attorney fees, as discussed below, the Court shall not require Defendant to supplement or further explain the basis for the amounts Defendant requests and supports with the Declaration of Mr. Spera. To the extent that Plaintiffs desire to explain how or why their computation of lien amounts, application of revenues, credit for loan payments, etc., differs from Defendant's computation, the Court hereby ORDERS Plaintiffs to file such substantive objections with the Court on or before January 8, 2010.  To the extent Plaintiffs make such a filing, Defendant shall have until January 15, 2010, to respond.

Plaintiffs also object to the redacted legal invoices submitted by Defendant's counsel. Plaintiffs argue that they cannot determine the reasonableness of those fees and costs when the description of work performed is completely redacted.  Defendant contends that it is contractually

2

entitled to its actual attorney fees pursuant to the Loan Documents and it is not necessary to determine the reasonableness of such fees.[1]

The Court finds that Plaintiffs' objection is warranted, as the Loan Documents expressly say that the costs must be "actual *and* reasonable" costs and expenses, not simply the actual costs and expenses. Neither the Court nor Plaintiffs can evaluate and determine if the work performed and fees billed by Defendant's attorneys are reasonable if the description of work performed is redacted. Therefore, to enable Plaintiffs to meaningfully address whether the work performed by Defendant's attorneys is reasonable, the Court hereby ORDERS Defendant to refile the Butzel Long invoices, unredacted except as necessary to protect attorney-client privileged information. Defendant shall refile such unredacted invoices on or before January 8, 2010. Plaintiffs shall then file any substantive objections they might have to such unredacted invoices on or before January 19, 2010.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 29, 2009

---

[1]The Note signed by Plaintiff Alden Park, LLC and the Guaranty signed by Plaintiff Northern Group, Inc. provide that Plaintiffs will "pay all actual and reasonable costs and expenses incurred by [Defendant] . . . in connection with the indebtedness evidenced hereby, including, without limitation, all reasonable attorneys' fees and costs, for the implementation of the Loan, the collection of indebtedness evidenced hereby and the enforcement of rights and remedies hereunder or under the other Loan Documents . . ." (Note, ¶ 8(e)).

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 29, 2009.


S/Marie E. Verlinde

Case Manager

(810) 984-3290