UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALDEN PARK, LLC and
NORTHERN GROUP, INC.,

    Plaintiffs/Counter-Defendants,                Case No. 08-12116

v.                                                                        Hon. Lawrence P. Zatkoff

ANGLO IRISH BANK CORPORATION
LIMITED,

    Defendant/Counter-Plaintiff.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on February 17, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on the Motion for Entry of Final Judgment filed by Defendant/Counter-Plaintiff ("Defendant") (Docket #61). The parties timely briefed the Motion. After an initial review of the parties' briefs, the Court entered an Order on December 29, 2009, wherein the Court: (1) ordered Defendant to re-file its attorney invoices with unredacted information, and (2) gave Plaintiffs new deadlines to file supplementary responses to Defendant's Motion and any new supporting documentation provided by Defendant. Defendant timely filed the unredacted attorney invoices. Plaintiffs have not filed any additional responsive briefs. The Court finds that the facts and legal arguments pertinent to Defendant's Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore,

pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Defendant's Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons set forth below, Defendant's Motion is GRANTED.

## II. BACKGROUND

On September 23, 2009, the Court issued an Opinion and Order, wherein the Court granted summary judgment in favor of Defendant on all of Plaintiffs' claims and all of Defendant's counter-claims. In that Opinion and Order and in furtherance of entering judgment in this matter, the Court also directed Defendant to file with the Court: (a) an invoice of attorney fees and costs incurred with respect to enforcing its rights under the Loan Agreement, and (b) the accrued interest, default interest and late charges on the loan as of September 30, 2009. Defendant timely filed with the Court a Declaration of Steven M. Ribiat, the lead attorney from Butzel Long, the law firm representing Defendant. An attachment to Mr. Ribiat's Declaration included invoices from Butzel Long to Defendant, however, such invoices redacted all information other than attorney names and time billed. Pursuant to the Court's December 29, 2009, Order, the Butzel Long invoices have been resubmitted in a (generally) unredacted form.[1] Defendant also timely filed with the Court the Declaration of Benjamin J. Spera, a Vice President of Defendant. An attachment to Mr. Spera's Declaration included spreadsheets that documented principal, interest, fees and costs associated with the loan transaction, as well as a spreadsheet detailing outstanding liens.

---

[1]Some entries continue to have information redacted, but the Court concludes that such redacted information appropriately preserves certain information protected by the attorney-client privilege. The Court was able to make this determination by reviewing the resubmitted invoices (with the limited redactions) against a completely unredacted copy of the invoices provided to the Court for *in camera* review.

## III. ANALYSIS

### A. Liability of Alden Park and NGI, Respectively

The Court previously ruled that Defendant was entitled to: (a) $14,065,788.88 in unpaid principal from Alden Park under the Loan Agreement, (b) accrued interest, default interest and late charges due on the loan, and (c) attorney fees and costs incurred by Defendant to enforce its rights under the Loan Agreement and related documents. The Court now addresses the propriety of awarding Defendant the interest, costs, fees, charges, etc. Defendant seeks with respect to the items in parts (b) and (c).

The Declaration submitted by Mr. Spera indicates that, as of September 30, 2009, the total amount owed to Defendant by Alden Park is $16,684,179.86, inclusive of all accrued interest, default interest, late charges, attorney fees and costs, consisting of the following:

1. Acquisition Facility principal balance under paragraph 1.10 of the Loan Agreement, $12,500,000.00; [this amount is part of the $14,065,788.88 in unpaid principal under part (a)]

2. Renovation Facility principal balance under pagragraph 1.10 of the Loan Agreement, $1,234,960.47; [this amount is part of the $14,065,788.88 in unpaid principal under part (a)]

3. Interest Reserve Facility principal balance under paragraph 1.10 of the Loan Agreement, $330,828.41; [this amount is part of the $14,065,788.88 in unpaid principal under part (a)]

4. Interest arrears under Paragraph 2.3 of the Loan Agreement, $857,540.46;

5. Default interest under paragraph 2.3 of the Loan Agreement and paragraph 4.6 of the Note, $894,968.98;

6. Late charges under paragraph 2.3 of the Loan Agreement and paragraph 4.7 of the Note, $42,877.02;

7. Real estate taxes and insurance costs under paragraph 11 of the Mortgage, $285,002.77;

8. Capital improvement costs under paragraphs 12.1.1 and 12.2 of the Loan Agreement, $196,144.20; and

9. Attorney fees and costs, pursuant to paragraph 8(e) of the Note and paragraph 13 of the Mortgage, $341,857.55.

The Court also ruled that NGI is jointly and severally liable to Defendant for amounts owed under the Loan Agreements and related documents; in fact, the amount of NGI's liability is limited by the terms of the Guaranty it signed. Defendant asserts that, pursuant to the terms of the Guaranty, NGI is jointly and severally liable for $7,934,089.94 of the amount owed by Alden Park, as follows:

A. Principal payment obligation under Article I, paragraph 1 of the Guaranty, $3,000,000.00;

B. Carry costs, at the capped amount under Article I, paragraph 3 of the Guaranty, of $2,300,000.00;

C. Attorney's fees and costs under Article XVIII of the Guaranty and paragraph 8(e) of the Note, $341,857.55; and

D. Costs of lien-free completion of improvements under Article I, paragraph 2 of the Guaranty, $2,292,232.39.

For the reasons that follow, the Court concludes that, as of September 30, 2009: (1) Defendant is entitled to $16,684,179.86 from Alden Park, and (2) NGI is jointly and severally liable to Defendant for $7,934,089.94 of the $16,684,179.86 owed by Alden Park.

**B.  Interest, Late Charges and Fees**

Plaintiffs' only objection to the amounts identified by Defendant for interest, late charges, fees, etc. (*i.e.*, amounts not related to attorney fees and costs) was:

> To a substantial extent, [Plaintiffs'] numbers differ from those set forth in [Defendant]'s declarations, including issues regarding lien amounts, application of revenues obtained from the Receiver of the Property and credit for loan payments.

Plaintiffs requested an opportunity for discovery with respect to amounts other than attorney fees,

but the Court rejected that request in the December 29, 2009, Order. In the December 29, 2009, Order, however, the Court expressly gave Plaintiffs ten additional days to file supplementary objections to those amounts. Plaintiffs failed to file any substantive objections to the non-attorney fee/cost amounts identified by Mr. Spera within that ten day period. To date, Plaintiffs still have not filed any objections to the non-attorney fee/cost amounts identified by Mr. Spera.

Accordingly, and based on the Declaration of Mr. Spera, the Court concludes that, in addition to the unpaid principal balance of $14,065,788.88, Defendant is entitled to non-attorney fee/cost amounts of $2,276,533.43, comprised of :

(1) Interest arrears of $857,540.46;

(2) Default interest of $894,968.98;

(3) Late charges of $42,877.02;

(4) Real estate taxes and insurance costs of $285,002.77; and

(5) Capital improvement costs of $196,144.20.

**C.    Attorney Fees and Costs**

As to the $341,857.55 in attorney fees and costs sought by Defendant, Plaintiffs initially challenged the redacted nature of the invoices submitted by Defendant with respect to services provided by the Butzel Long firm. The Court thereafter ordered Defendant to, and Defendant did timely, resubmit those invoices. Based on the updated submissions filed by Defendant on January 8, 2010, the Court finds that it is now possible to: (1) ascertain the reasonableness of the attorney fees sought by Defendant, and (2) address Plaintiffs' other "objections" to such fees.

Plaintiffs "objections" consist of:

(a) Reciting applicable case law that provides that "hourly rates for fee awards should not exceed the market rates necessary to encourage competent

5

lawyers to undertake the representation in question." *Soltysiak v. Unum Provident Corp.*, 480 F.Supp.2d 970, 976 (W.D. Mich. 2007) (quoting *Coulter v. State of Tenn.*, 805 F.2d 146, 149 (6th Cir. 1986)); *Blum v. Stenson*, 465 U.S. 886, 897 (1984); and

(b) Identifying several recent cases in the Sixth Circuit where fee awards of $200/hour have been issued by Eastern District courts and/or upheld by the Sixth Circuit. *See, e.g., Lamar Adv. Co. v. Charter Twp. of Van Buren*, 178 Fed.Appx. 498 (6th Cir. 2006); *Auto Alliance Int'l, Inc. v. U.S. Customs Serv.*, 155 Fed.Appx. 226, 228 (6th Cir. 2005); *Baskin-Robbins Franchised Shops, LLC v. Livonia Ice Cream No. 809, Inc.,* 2007 WL 4181422, *2 (E.D. Mich. Nov. 27, 2007).

With respect to the attorney fees Defendant seeks, the overwhelming bulk of legal work provided to Defendant was performed by Mr. Ribiat, a partner at Buzel Long, a large law firm in southeast Michigan, and Danielle Hessell, an associate at Butzel Long.[2] Defendant seeks hourly rates of $350/hour for Mr. Ribiat and $225/hour for Ms. Hessell. Although Plaintiffs accurately cited cases where courts issued fee awards of $200/hour, Plaintiffs never specifically challenge the reasonableness of Mr. Ribiat's or Ms. Hessell's hourly rates (or the rates of any other Butzel Long attorney or paralegal). In the context of this matter, which involved: (1) a loan transaction (involving a number of related documents) with a value in excess of $10,000,000, (2) three sophisticated business entities, and (3) legal counsel on both sides of the transaction from two of metro-Detroit's largest law firms, the Court finds such billing rates to be reasonable for this particular transaction.

Plaintiffs have filed no objections to the number of hours billed by Defendant's attorneys. After reviewing the invoices, the Court finds that the number of hours billed by Defendant's counsel is reasonable for this type of litigation, especially as Plaintiffs' conduct has only served to escalate

---

[2]Minimal hours were billed by a number of other Butzel Long attorneys and paralegals, at rates ranging from $115/hour to $425/hour that correlate to their positions at that firm.

the litigation filings in this case. Finally, the Court notes that, despite attacking Defendant for filing redacted invoices, Plaintiffs never filed a response to the unredacted invoices submitted by Defendant on January 8, 2010.

Accordingly, and for the reasons stated above, the Court concludes that Defendant is entitled to recover the actual attorney fees and costs Defendant incurred in defending (and prosecuting) this action, as set forth in the invoices given to Plaintiffs and the Court. Therefore, the Court awards Defendant $341,857.55 in attorney fees and costs associated with enforcing the loan transaction.

**D.     Final Judgment Conditions**

Defendant requests that the Court retain limited jurisdiction over this matter in order to ensure that the Court's April 2, 2009, Order Appointing Receiver continues in full force and effect until the earlier of the following:

1.  The Judgment has been satisfied in full by Plaintiffs;

2.  Ownership of the Property is transferred, via sale, deed in lieu of foreclosure, or foreclosure, to Defendant;

3.  Entry of a similar Order Appointing Receiver by a court of competent jurisdiction in a foreclosure matter; or

4.  The expiration of two years from the date of the entry of judgment.

Defendant argues that continuance of the Order Appointing Receiver is necessary because the Property is still owned by Alden Park. As such, Defendant contends that the Property should continue to be managed by a receiver in order to ensure that it is managed appropriately and not left to waste.

Plaintiffs argues that, as Alden Park has tendered to Defendant a deed in lieu of foreclosure of the Property (a quit claim deed was tendered simultaneous with the filing of Plaintiffs'

7

objections): (a) the judgment amounts sought by Defendant must be decreased by the fair market value of the Property, and (b) this Court need not retain limited jurisdiction over this matter. Defendant replies that it is not obligated to accept tender of the Property in satisfaction of the debt owed under the Loan Documents. Defendant further replies that, even if it did accept the quit claim deed, at most Defendant would have to credit the fair market value of the Property against the amount of the judgment, just as Defendant would have to do with any other asset collected in partial satisfaction of the judgment. Finally, Defendant asserts that entry of final judgment need not be delayed while an appraisal of the Property is conducted.

The Court finds that there is no need to delay entry of final judgment in this case. To the extent that Defendant accepts the deed in lieu of foreclosure, the fair market value of the Property (whenever it is determined and/or resolved) can and will be reduced from the amount of judgment. Therefore, the Court shall enter final judgment in this matter, including the award of damages totaling $16,684,179.86 from Alden Park and $7,934,089.94 from NGI (jointly and severally owed with Alden Park). Final judgment shall be consistent with the terms of this Opinion and Order and shall be in the form presented to the Court by Defendant as Exhibit 1 to its Motion.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Motion for Entry of Final Judgment is GRANTED. Judgment shall be entered accordingly.

IT IS SO ORDERED.

                                S/Lawrence P. Zatkoff
                                LAWRENCE P. ZATKOFF
                                UNITED STATES DISTRICT JUDGE

Dated: February 17, 2010

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 17, 2010.

                                S/Marie E. Verlinde
                                Case Manager
                                (810) 984-3290